IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| JOSHSTAVIE WATERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 621-002 |
| | ) | |
| SHAWN EMMONS, | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Valdosta State Prison in Valdosta, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254.  Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.     BACKGROUND**

On December 29, 2020, the Clerk of Court in the Middle District of Georgia filed an application for a writ of habeas corpus from Petitioner that challenges a judgment of conviction entered in the Superior Court of Jenkins County.  (See doc. no. 1.)  Petitioner submitted his application on a state court form, with a heading indicating he may have intended to submit his application in the Superior Court of Lowndes County.  (Id. at 1.)  Petitioner also submitted an application to proceed *in forma pauperis* ("IFP") on a state court form.  (Doc. no. 2.)  On January 4, 2021, United States District Judge Hugh Lawson transferred the case to the Southern District of Georgia.  (Doc. no. 4.)

On January 6, 2021, the Court denied the IFP motion and explained if Petitioner intended to seek federal habeas corpus relief pursuant to 28 U.S.C. § 2254, he must pay the

$5.00 filing fee *and* refile his petition on the standard form used by incarcerated litigants in the Southern District of Georgia.[1] (See doc. no. 7.) The Court also informed Petitioner in that Order that any future § 2254 petition will be subject to restrictions on "second or successive" filings, see 28 U.S.C. § 2244(b)(3)(A), and this case, should he choose to proceed with a federal habeas corpus petition, is his opportunity to raise all federal habeas claims he now believes he has. See Castro v. United States, 540 U.S. 375, 382-83 (2003); see also In re Jones, No. 14-11256-A, slip op. at 3-4 (11th Cir. Apr. 9, 2014) (applying Castro principles to § 2254 petition). In that same Order, the Court also explained any petition filed pursuant to § 2254 is subject to all requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, including the one-year statute of limitations and the requirement for exhausting the remedies available to Petitioner by any state court procedure. See 28 U.S.C. §§ 2244(d)(1) and 2254(b)(1)&(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.") The Court cautioned Petitioner if he failed to comply with the terms of the Order, the Court would presume he wishes to dismiss the current case. (Doc. no. 7, pp. 2-3.)

In response, Petitioner paid the $5.00 filing fee, but he did not submit his claims on the federal habeas corpus form provided to him. Instead, he submitted an "affidavit" that does not, as is required by Rule 2(d) of the Rules Governing Section 2254 Cases, "substantially follow" the form provided to him by the Clerk of Court. (See doc. no. 8.) Nor does the affidavit clearly delineate grounds for relief beyond the general assertion Petitioner was falsely

---

[1] The Clerk of Court provided Petitioner with the standard form when serving the Court's January 6th Order. (Doc. no. 7-1.)

2

arrested, falsely convicted of murder, and falsely imprisoned after his conviction. (See generally id.)

On February 1, 2021, in recognition of Petitioner's *pro se* status, the Court afforded Petitioner another opportunity to comply with the instructions in the January 6th Order concerning notification to the Court of his desire to seek state or federal habeas corpus relief by filing his claims on a federal habeas corpus petition if he intends to proceed in federal court. (See doc. no. 9.) The Clerk of Court included another § 2254 habeas corpus form petition with Petitioner's service copy of the February 1st Order. (Doc. no. 9-1.) The Court cautioned Petitioner if he failed to respond by submitting his claims on the form provided, the Court would presume he wishes to dismiss his case. (Doc. no. 9, p. 3.) Petitioner failed to respond.

II.     **DISCUSSION**

   A.     **The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies**

The procedural history of Petitioner's underlying case, as well as the exact nature of Petitioner's claims for federal habeas relief, are not entirely clear, but the Court can discern the following. Following a jury trial in the Superior Court of Jenkins County, the trial court sentenced Petitioner on April 19, 2013, to "life without parole 10 years to serve" for malice murder, armed robbery, two counts of aggravated assault, and second-degree arson. (Doc. no. 1, p. 1.) Petitioner states he did not file an appeal but also that his appeal was dismissed as untimely. (Id. at 2, 3.) Publicly available court records show a direct appeal filed on Petitioner's behalf at the Georgia Supreme Court was dismissed on August 28, 2017. Waters v. The State, Case No. S18A0010 (Ga. Aug. 28, 2017), *available at* https://www.gasupreme.us (follow "Docket" hyperlink; then search Case Number "S18A0010" and follow case hyperlink, last visited Mar. 5, 2021; Attach. 1.) Petitioner states he has no other petitions or appeals pending. (Doc. no. 1, p. 3).

3

In the petition submitted on a state habeas corpus form, Petitioner raises four claims for relief: (1) a Jackson v. Denno[2] hearing should have been held to determine whether his alleged confession was given freely and voluntarily; (2) trial counsel was ineffective for failing to investigate the case and timely file a motion for new trial; (3) the indictment is void because there are no minutes of the grand jury; and (4) a Brady[3] violation occurred because the prosecutor withheld a video showing officers forcefully preventing Petitioner from leaving an interrogation. (Id. at 5-6; see also doc. no. 8.) As noted above, Petitioner does not indicate he has pursued any state habeas corpus relief, and the record is unclear whether Petitioner intended to file the instant petition in federal court.

1. **The Exhaustion Requirement**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

---

[2] Jackson v. Denno, 378 U.S. 368 (1964).

[3] Brady v. Maryland, 373 U.S. 83 (1963).

4

petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### 2. Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has exhausted his state court remedies. (See generally doc. no. 1; doc. no. 8.) While court records confirm Petitioner's direct appeal was dismissed in

5

2017, there is no indication Petitioner has filed a state habeas corpus petition. However, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning an alleged involuntary confession, problems with the indictment, ineffective assistance of counsel, and withholding exculpatory evidence. See Jones v. Medlin, 807 S.E.2d 849, 855-56 (Ga. 2017) (analyzing whether alleged Brady violations could form basis for habeas relief); Oubre v. Woldemichael, 800 S.E.2d 518, 524-25 (Ga. 2017) (arguing inculpatory statements to police were coerced); Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (challenging sufficiency of indictment and raising ineffective assistance counsel claims); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations. Moreover, the Court repeatedly cautioned Petitioner that if he failed to submit his claims on a federal petition or otherwise clarify his intent to pursue federal, rather than state habeas corpus relief, the Court would presume he wishes to dismiss his case. As Petitioner did not submit his claims on a federal form and the filings he has provided do not show he has exhausted available state court remedies, his federal habeas corpus case should be dismissed without prejudice.

**B.     LEAVE TO APPEAL *IN FORMA PAUPERIS***

The Court should deny Petitioner leave to appeal *in forma pauperis* ("IFP") and a Certificate of Appealability ("COA"). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Thus, because there are no non-frivolous

issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP. See 28 U.S.C. § 1915(a)(3).

Further, a prisoner seeking relief under § 2254 must obtain a COA before appealing the denial of his application for a writ of habeas corpus. The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. The Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above in § II(A) supra, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court should **DENY** a COA in this case.[4]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be **DENIED** leave to appeal IFP and a COA.

SO REPORTED and RECOMMENDED this 5th day of March, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.